UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CAMDEN NATIONAL BANK, | ) | |
| A Maine financial institution with a | ) | |
| Place of business in Portland, Maine | ) | |
| | ) | |
| Plaintiff, | ) | 09-CV- |
| | ) | |
| vs. | ) | |
| | ) | |
| WALTER J. SKAYHAN, III, | ) | |
| An individual resident of Baltimore, | ) | |
| Maryland, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| STEPHEN A. GEPPI, | ) | |
| An individual resident of Stevenson, | ) | |
| Maryland, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, Camden National Bank ("Plaintiff") and complains against Walter J. Skayhan, III ("Skayhan") and Stephen A. Geppi ("Geppi" and collectively with Skayhan hereinafter referred to as "Defendants") as follows:

### PARTIES

1. Plaintiff is a Maine financial institution having a place of business at 5 Milk Street, Portland, Maine.

2. Defendant Skayhan is an individual having a residence at 2110 Maryland Ave., Baltimore, Maryland.

3. Defendant Geppi is an individual having a residence at 4040 Stewart Road, Stevenson, Maryland.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this matter pursuant to Title 28 § 1332, as the matter in controversy exceeds the sum or value of $75,000 and the controversy is between citizens of different states.

## General Allegations

5.  On or about June 14, 2007, Maine Investment Properties, LLC, a Maryland limited liability company, ("Borrower") executed and delivered to Union Trust Company ("Union") that certain Promissory Note (the "Note") pursuant to which Borrower promised to pay the principal sum of $600,000.00 together with interest and other amounts as set forth in the Note.

6.  Defendants unconditionally guaranteed the full and prompt payment and performance of all obligations under the Note, including all obligations existing at the time of the execution of the guaranty and arising after the execution of the same pursuant to a Commercial Guaranty executed and delivered by Skayhan on or about June 14, 2007 (the "Skayhan Guaranty") and pursuant to a Commercial Guaranty executed and delivered by Geppi on or about June 14, 2007 (the "Geppi Guaranty" and collectively with the Skayhan Guaranty hereinafter referred to as the "Guaranties").

7.  Plaintiff is the successor by merger to Union and is, therefore, the holder of the Note and the Guaranties.

8.  Borrower is in default under the terms of the Note by, among other things, the failure to make payments in accordance with the terms of the Note.

9.  Premised on the defaults by Borrower, pursuant to the terms of the Guaranties, Defendants are liable for the obligations of Borrower under the Note.

10. Defendants are in default under the terms of the Guaranties by reason of, among other things, the failure to make payments in accordance with the terms thereof.

## COUNT I
(Skayhan Guaranty)

11. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 10 above with the same force and effect as if fully set forth herein.

12. Borrower has failed to make payments on the Note as and when required.

13. By virtue of the Skayhan Guaranty, Skayhan has guarantied the obligations of Borrower to the Plaintiff pursuant to the Note.

14. By letter dated May 6, 2009 (the "Skayhan Demand Letter"), Plaintiff advised Skayhan of the defaults under the Note and the Skayhan Guaranty and the fact that full payment of the obligations owed to Plaintiff by Skayhan was required immediately.

15. Despite lawful demand for payment of all amounts due and payable under the Note and the Skayhan Guaranty, Skayhan has failed and refused to make such payment to the Plaintiff and that failure and refusal is a breach of the Note and a breach of the Skayhan Guaranty.

16. As of May 5, 2009, Skayhan owed (exclusive of all fees, including reasonable attorneys' fees, costs and expenses of collection) $552,152.04 to Plaintiff on account of the Note and the Skayhan Guaranty. This amount consists of: (1) outstanding principal in the amount of $540,511.23; and (2) accrued and unpaid interest (at the default rate) in the amount of $9,955.17; and (3) late charges of $1,685.64. Interest under the Note continues to accrue at the rate of $111.85579 per day.

WHEREFORE, Plaintiff respectfully requests that this Court:

3

      a.      Enter judgment for Plaintiff and against Skayhan on Count I;

      b.      Award Plaintiff damages in an amount equal to all amounts due under the Note and the Skayhan Guaranty, plus interest, fees, costs and expenses of collection, including, but not limited to, attorneys' fees; and

      c.      Grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
(Geppi Guaranty)

17.    Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 16 above with the same force and effect as if fully set forth herein.

18.    Borrower has failed to make payments on the Note as and when required.

19.    By virtue of the Geppi Guaranty, Geppi has guarantied the obligations of Borrower to the Plaintiff pursuant to the Note.

20.    By letter dated May 6, 2009 (the "Geppi Demand Letter"), Plaintiff advised Geppi of the defaults under the Note and the Geppi Guaranty and the fact that full payment of the obligations owed to Plaintiff by Geppi was required immediately.

21.    Despite lawful demand for payment of all amounts due and payable under the Note and the Geppi Guaranty, Geppi has failed and refused to make such payment to the Plaintiff and that failure and refusal is a breach of the Note and a breach of the Geppi Guaranty.

22.    As of May 5, 2009, Geppi owed (exclusive of all fees, including reasonable attorneys' fees, costs and expenses of collection) $552,152.04 to Plaintiff on account of the Note and the Geppi Guaranty. This amount consists of: (1) outstanding principal in the amount of $540,511.23; and (2) accrued and unpaid interest (at the

default rate) in the amount of $9,955.17; and (3) late charges of $1,685.64. Interest under the Note continues to accrue at the rate of $111.85579 per day.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment for Plaintiff and against Geppi on Count II;

b. Award Plaintiff damages in an amount equal to all amounts due under the Note and the Geppi Guaranty, plus interest, fees, costs and expenses of collection, including, but not limited to, attorneys' fees; and

c. Grant Plaintiff such other and further relief as the Court deems just and proper.

DATED: May 20, 2009                     /s/ Jennie L. Clegg
                                        Jennie L. Clegg, Esq.
                                        Lee H. Bals, Esq.

                                        MARCUS, CLEGG & MISTRETTA, P.A.
                                        One Canal Plaza
                                        Suite 600
                                        Portland, ME  04101-4035
                                        (207) 828-8000

                                        Attorneys for Plaintiff
                                        Camden National Bank